IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 18-cv-01869-RBJ-SKC

JOHN CLARK BRIDGES,

    Plaintiff,

v.

UNITED STATES, FRANK BERG, and
JOHN DOE,

    Defendants.

---

# ORDER

---

    John Clark Bridges is an inmate in the Bureau of Prisons ADX facility in Florence, Colorado. He filed this lawsuit on July 23, 2018, complaining that he was injured on February 28, 2018 when correctional officer [Frank] Berg intentionally stomped on his shackled leg several times while executing a cell extraction. ECF No. 1. Following various motions, orders, and amendments, which I will not belabor here, Bridges filed his Third Amended Complaint, now the operative complaint, on April 8, 2019. ECF No. 61.

    The Third Amended Complaint names the United States, Frank Berg and John Doe as defendants. The first claim asserts assault and battery against Berg under the Federal Tort Claims Act. *Id.* at 3-6. The second claim asserts that an individual identified only as "Lieutenant John Doe" failed to intervene and stop Berg from assaulting him. In the header he characterizes this as a Bivens Eighth Amendment claim. *Id.* at 7. Later, however, while he

1

seems to acknowledge that failure to intervene claims are usually asserted in conjunction with an Eighth Amendment use of excessive force claim, the circumstances here "should qualify it to be in conjunction with the assault (under supplemental jurisdiction) claim." *Id.*

On the same day that he filed his Third Amended Complaint, Bridges filed a "Motion for Voluntary Dismissal, if (and only if) I Cannot Proceed with Assault Claim." ECF No. 62. He states,

> The only reason I raised excessive force is because my assault claim was wrongfully struck. It would be silly for me to take the Bivens claim over the assault & battery; given the fact that a prisoner hasn't won money from a Bivens in almost 40 years; plus, I exhausted admin. remedies via SF-95 (for torts). If the Court continues to prevent me from raising an assault claim, I request the Court to dismiss this case (for it would prejudice my claims, otherwise).

*Id.* at 1.

I referred the motion for voluntary dismissal to Magistrate Judge Crews for a report and recommendation. ECF No. 63. Defendant Berg then filed a motion to dismiss the second claim to the extent it was asserted against him (it was not), based on a claim of qualified immunity. ECF No. 64. I referred that motion to Magistrate Judge Crews as well. ECF No. 65.

Judge Crews recommended that this Court determine that Mr. Bridges can pursue an assault and battery tort claim against Officer Berg under the law enforcement proviso exception to the intentional torts exception under the FTCA, such that Mr. Bridges may pursue his first claim. ECF No. 70 at 6-8. He therefore recommended that Mr. Bridges' request for voluntary dismissal of his Eighth Amendment claim, i.e., his second claim, be granted. *Id.* at 8.

Mr. Bridges filed (twice) a timely objection to the recommendation. ECF Nos. 72 and 73. Although he was happy that Judge Crews recommended that his assault and battery claim against Officer Berg could proceed, he objected to the recommendation that his failure to

intervene claim against Lieutenant John Doe be dismissed (a recommendation that Judge Crews did not make insofar as the second claim could be construed as having been asserted under the FTCA). He explains that in asking that his excessive force claim be dismissed, he did not say anything about this failure to intervene claim. *Id.*

Defendants United States and Berg then filed a response to the objection. ECF No. 75. While claiming not to speak for the unnamed John Doe defendant, they nevertheless argue that (1) Mr. Bridges should not be permitted to change course and seek to preserve a *Bivens* claim; (2) a *Bivens* claim cannot be asserted against an unnamed defendant; and (3) a judgment on a FTCA claim bars a *Bivens* claim on the same conduct per 28 U.S.C. § 2676. *Id.* at 3-4. Mr. Berg does not have standing to make these arguments, as he is not subject of the second claim.

Judge Crews reasonably construed Mr. Bridges' motion as requesting dismissal of his excessive force claim if he could pursue his assault and battery claim. I likewise construe it that way. Accordingly, the second claim, to the extent it asserted an excessive force claim arising under the Eighth Amendment against anyone, will be dismissed.

On the other hand, neither Mr. Bridges nor the United States nor, of course, the unnamed lieutenant, has provided any briefing as to whether a failure to intervene claim may be brought against a correctional officer under the FTCA. Minimal research shows that there is law on that subject. *Compare, e.g., Carpenter v. Bragg,* No. 8:15-cv-00574, 2015 WL 13734632, at \*\*11-12 (D.S.C. Nov. 30, 2015) and *Harper v. United States,* No.3:12-cv-01292, 2014 WL 1746573, at \*9 (M.D. Pa. Feb. 20, 2014) *with Weathington v. United States,* No. 1:10-cv-00359, 2011 WL 12111509, at \*13 (W.D. La. March 3, 2011) and *Millbrook v. United States,* 8 F.Supp. 3d 601,

617 (M.D.Pa. 2014). Accordingly, this Court is not prepared at this time to dismiss plaintiff's claim against Lt. John Doe under the FTCA.

ORDER

1. Plaintiff's motion for voluntary dismissal, ECF No. 62, is GRANTED IN PART AND DENIED IN PART. It is granted to the extent that it seeks to preserve his assault and battery claims under the FTCA against Officer Berg and Lt. John Doe, and to dismiss his excessive force claims under the Eighth Amendment. To any extent it could be interpreted to seek to preserve an excessive force claim against any defendant, including Lt. Doe, it is denied.

2. Defendant Berg's motion to dismiss the second claim, ECF No. 64, is DENIED for lack of standing. The second claim was not asserted against him.

3. The recommendation of the magistrate judge, ECF No. 70, is ACCEPTED and ADOPTED. Notably, the Court does not construe the recommendation as recommending that plaintiff's assault and battery claim against John Doe on a failure to intervene or failure to protect theory, embedded within his second claim, be dismissed.

4. In summary, the excessive force claims under the Eighth Amendment asserted against Officer Berg and Lt. Doe are dismissed. The only claims left in this case are plaintiff's claims against Officer Berg and Lt. Doe under the Federal Tort Claims Act asserting assault and battery against Berg and failure to intervene/failure to protect against Doe.

DATED this 12th day of November, 2019.

BY THE COURT:

R. Brooke Jackson  
United States District Judge